MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10018
Telephone:    (212) 317-1200
Facsimile:    (212) 317-1620
*Attorneys for Plaintiffs*

**JUDGE CROTTY**

**11 CIV 8734**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

SANTIAGO VASQUEZ, MOISES
CUANETL, ANTHONY DIAZ and LUIS
VASQUEZ, *individually and on behalf of
others similarly situated,*

                  *Plaintiffs,*

        -against-

KOSHER DELIGHT CORP. (d/b/a KOSHER
DELIGHT) and PHILIP HUBERFELD ,
                    *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**



       Plaintiffs Santiago Vasquez, Moises Cuanetl, Anthony Diaz, Luis Vasquez and Fausto

Mendez, individually and on behalf of others similarly situated (collectively "Plaintiffs"), by and

through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief,

and as against Kosher Delight Corp. (d/b/a Kosher Delight) ("Defendant Corporation"), and

Philip Huberfeld,(collectively the "Defendants") allege as follows:

<u>**NATURE OF THE ACTION**</u>

     1.    Plaintiffs are current and former employees of Defendants Kosher Delight Corp.

(d/b/a Kosher Delight)and  Philip Huberfeld.

     2.    Defendants own, operate, or control a restaurant located at 1359 Broadway, New

York, New York 10018 under the name of Kosher Delight.

3.      Plaintiffs are present and former employees of Defendants, primarily employed as delivery workers.

4.      At all times relevant to this complaint, Plaintiffs work for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they worked.

5.      Defendants failed to maintain accurate recordkeeping of Plaintiffs' hours worked, failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium.

6.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

7.      Defendants routinely obfuscated Plaintiffs' actual hours by requiring Plaintiffs to sign a time sheet that falsely stated that they had worked less than 40 hours each week

8.      By employing this practice, Defendants avoided paying Plaintiffs at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

9.      For at least six years prior to the filing of this action, continuing to the present, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other employees' tips, made unlawful deductions from Plaintiffs' and other employees' wages, and failed to pay for the cost of purchasing and maintaining required equipment.

10.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

11.      At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per

- 2 -

week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages, overtime wages and spread of hours pay pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

16.     Defendants maintain their corporate headquarters and offices within this district, and Defendants operate the restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

-3-

**THE PARTIES**

*Plaintiffs*

17.     Plaintiff Santiago Vasquez ("Plaintiff Vasquez" or "Mr. Vasquez") is an adult individual residing in New York County, New York. Plaintiff Vasquez was employed by Defendants from approximately February 2009 until on or about December 2009.

18.     Plaintiff Moises Cuanetl ("Plaintiff Cuanetl" or "Mr. Cuanetl") is an adult individual residing in Queens County, New York.  Plaintiff Cuanetl has been employed by Defendants from approximately July 2006 to November 2008 and from April 2011 to the present date.

19.     Plaintiff Anthony Diaz ("Plaintiff Diaz" or "Mr. Diaz") is an adult individual residing in Bronx County, New York. Plaintiff Diaz was employed by Defendants from approximately July 2007 until on or about December 2008.

20.     Plaintiff Luis Vasquez ("Plaintiff Luis" or "Mr. Luis") is an adult individual residing in New York County, New York. Plaintiff Luis was employed by Defendants from approximately September 2007 to December 2008.

*Defendants*

21.     At all relevant times, Defendants owned, operated, or controlled a restaurant located at 1359 Broadway, New York, New York 10018, under the name of Kosher Delight.

22.     Upon information and belief, Kosher Delight Corp. is a domestic corporation organized and existing under the laws of the State of New York.

23.     Upon information and belief, Kosher Delight Corp. maintains a principal place of business at 1359 Broadway, New York, New York 10018.

- 4 -

24.     Defendant Philip Huberfeld is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

25.     Defendant Philip Huberfeld is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

26.     Defendant Philip Huberfeld possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

27.     Defendant Philip Huberfeld determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate a kosher restaurant located in the Midtown area of Manhattan in New York City.

29.     Defendants maintain as their principal place of business at 1359 Broadway, New York, New York 10018, maintain an executive office at 1223 Avenue J, Brooklyn, New York 11230 and a DOS Process address of Phillips Nizer Benjamin Krim & Ballon LLP, Attn: Perry S. Galler, Esq., 666 Fifth Ave, New York, NY 10103-0084.

30.     The Individual Defendant Philip Huberfeld possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

- 5 -

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendant Philip Huberfeld operates Kosher Delight Corp. as either an alter ego of himself, and/or fail to operate Kosher Delight Corp. as an entity legally separate and apart from himself, by among other things,

        a.   failing to adhere to the corporate formalities necessary to operate Kosher Delight Corp. as a corporation,

        b.   defectively forming or maintaining the corporate entity of Kosher Delight Corp., by amongst other things failing to hold annual meetings or maintaining appropriate corporate records,

        c.   transferring assets and debts freely as between all Defendants,

        d.   operating Kosher Delight Corp. for his own benefit as the sole or majority shareholders,

- 6 -

e.   operating Kosher Delight Corp. for his own benefit and maintaining control over it as a closed corporation,

f.   intermingling assets and debts of his own with Kosher Delight Corp.,

g.   diminishing and/or transferring assets to avoid full liability as necessary to protect his own interests, and

h.   other actions evincing a failure to adhere to the corporate form.

36.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

37.   In each year from 2005 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

39.   Plaintiffs are former employees of Defendants, who were primarily employed delivering orders.

40.   Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Santiago Vasquez*

- 7 -

41.     Plaintiff Vasquez was employed by Defendants from approximately February 2009 until on or about December 2009.

42.     At all relevant times, Plaintiff Vasquez was employed by Defendants as a delivery worker.

43.     Plaintiff Vasquez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Vasquez's work duties required neither discretion nor independent judgment.

45.     Plaintiff Vasquez regularly worked in excess of 40 hours per week.

46.     From approximately February 2009 to December 2009, Plaintiff Vasquez worked a schedule from 11:00 a.m. to 10:00 p.m., Sundays through Thursdays; and from 11:00 a.m. to 4:00 p.m. on Fridays (typically 59.5 hours per week).

47.     Throughout his employment with Defendants, Plaintiff Vasquez was paid his wages in cash.

48.     From approximately February 2009 to December 2009, Plaintiff Vasquez was paid $40.00 per day.

49.     Plaintiff Vasquez would generally receive tips when customers paid them directly to him in cash.   However, Defendants would often withhold the entire amount of credit card tips that clients had written in for Plaintiff Vasquez.

50.     Plaintiff Vasquez was never notified by Defendants that his tips would be included as an offset for wages.

51.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Vasquez's wages.

- 8 -

52.     Plaintiff Vasquez was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

53.     Instead, in order to disburse his paycheck, Defendants required Plaintiff Vasquez to sign a document which falsely stated that he had worked less than 40 hours per week.

54.     Defendants did not provide Plaintiff Vasquez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

55.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Vasquez regarding overtime and wages under the FLSA and NYLL.

### *Plaintiff Moises Cuanetl*

56.     Plaintiff Cuanetl has been employed by Defendants from approximately July 2006 to November 2008 and from April 2011 to the present date.

57.     At all relevant times, Plaintiff Cuanetl has been employed by Defendants as a delivery worker.

58.     Plaintiff Cuanetl has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

59.     Plaintiff Cuanetl's work duties require neither discretion nor independent judgment.

60.     Plaintiff Cuanetl regularly works in excess of 40 hours per week.

61.     From approximately July 2006 to November 2008, Plaintiff Cuanetl worked a schedule from 11:00 a.m. to 10:30 p.m. Sundays through Thursdays; and from 11:00 a.m. to 4:00 p.m. on Fridays (typically 62.5 hours per week).

62.     From approximately April 2011 to the present date, Plaintiff Cuanetl has worked a schedule from 11:00 a.m. to 9:00 p.m. Sundays through Thursdays; and from 11:00 a.m. to 3:00 p.m. on Fridays (typically 54 hours per week).

63.     Throughout his employment with Defendants, Plaintiff Cuanetl has been paid his wages in cash.

64.     From approximately July 2006 to November 2008, Plaintiff Cuanetl was paid $40.00 per day.

65.     From approximately April 2011 to the present date, Plaintiff Cuanetl has been paid at a rate of $4.65 per hour.

66.     Plaintiff Cuanetl received his tips when customers paid them directly to him in cash.  However, on numerous occasions from approximately July 2006 to December 2009, Defendants would withhold the entire credit card tip that clients had written in for Plaintiff Cuanetl.

67.     Plaintiff Cuanetl was never notified by Defendants that his tips would be included as an offset for wages.

68.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Cuanetl's wages.

69.     Plaintiff Cuanetl was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

70.     Instead, for a period of time, in order to disburse his paycheck, Defendants required Plaintiff Cuanetl to sign a document which falsely stated that he had worked less than 40 hours per week.

- 10 -

71.     Defendants did not provide Plaintiff Cuanetl with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

72.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Cuanetl regarding overtime and wages under the FLSA and NYLL.

73.     Defendants required Plaintiff Cuanetl to purchase "tools of the trade" with his own funds—including approximately$180.00 for a bicycle and $10.00 for the helmet. Thus, the total cost of the "tools of the trade" that Plaintiff Cuanetl was required to purchase as an employee was approximately $190.00.

### *Plaintiff Anthony Diaz*

74.     Plaintiff Diaz was employed by Defendants from approximately July 2007 to December 2008.

75.     At all relevant times, Plaintiff Diaz was employed by Defendants as a delivery worker.

76.     Plaintiff Diaz regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

77.     Plaintiff Diaz's work duties required neither discretion nor independent judgment.

78.     Plaintiff Diaz regularly worked in excess of 40 hours per week.

79.     From approximately July 2007 to December 2008, Plaintiff Diaz worked from 11:00 a.m. to 10:00 p.m. Sundays through Thursdays (typically 55 hours per week).

80.     Throughout his employment with Defendants, Plaintiff Diaz was paid his wages in cash.

- 11 -

81.     From approximately July2007 to December 2008, Plaintiff Diaz was paid $40.00 per day.

82.     Plaintiff Diaz received his tips when customers paid them directly to him in cash. However, on numerous occasions, Defendants would withhold the entire credit card tip that clients had written in for Plaintiff Diaz.

83.     Plaintiff Diaz was never notified by Defendants that his tips would be included as an offset for wages.

84.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Diaz's wages.

85.     Plaintiff Diaz was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

86.     Instead, in order to disburse his paycheck, Defendants required Plaintiff Diaz to sign a document which falsely stated that he had worked less than 40 hours per week.

87.     Defendants did not provide Plaintiff Diaz with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

88.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Diaz regarding overtime and wages under the FLSA and NYLL.

89.     Defendants required Plaintiff Diaz to purchase "tools of the trade" with his own funds—including approximately $40 for a bicycle helmet, and approximately $200.00 for a bicycle. Thus, the total cost of the "tools of the trade" that Plaintiff Diaz was required to purchase as an employee was $240.00.

- 12 -

*Plaintiff Luis Vasquez*

90.     Plaintiff Luis was employed by Defendants from approximately September 2007 until December 2008.

91.     At all relevant times, Plaintiff Luis was employed by Defendants as a delivery worker.

92.     Plaintiff Luis regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

93.     Plaintiff Luis' work duties required neither discretion nor independent judgment.

94.     Plaintiff Luis regularly worked in excess of 40 hours per week.

95.     From approximately September 2007 until December 2008, Plaintiff Luis worked a schedule from 11:00 a.m. to 10:00 p.m. Sundays through Thursdays (typically 55 hours per week).

96.     Throughout his employment with Defendants, Plaintiff Luis was paid his wages in cash.

97.     From approximately September 2007 until December 2008, Plaintiff Luis was paid $40.00 per day.

98.     Plaintiff Luis received tips when customers paid them directly to him in cash. However, on numerous occasions, Defendants would withhold the entire credit card tip that clients had written in for Plaintiff Luis.

99.     Plaintiff Luis was never notified by Defendants that his tips would be included as an offset for wages.

100.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Luis' wages.

- 13 -

101.     Plaintiff Luis was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

102.     Instead, in order to disburse his paycheck, Defendants required Plaintiff Luis to sign a document which falsely stated that he had worked less than 40 hours per week.

103.     Defendants did not provide Plaintiff Luis with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

104.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Luis regarding overtime and wages under the FLSA and NYLL.

105.     Defendants required Plaintiff Luis to purchase "tools of the trade" with his own funds—including approximately $250.00 for a bicycle and $10.00 for the helmet. Thus, the total cost of the "tools of the trade" that Plaintiff Luis was required to purchase as an employee was approximately $260.00.

*Defendants' General Employment Practices*

106.     Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper minimum and overtime wages or spread of hours compensation.

107.     Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, or spread of hours compensation, as required by federal and state laws.

- 14 -

108.    Defendants routinely obfuscated Plaintiffs' actual hours by requiring Plaintiffs to sign a time sheet that falsely stated that they had worked less than 40 hours each week

109.    By employing this practice, Defendants avoided paying Plaintiffs at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

110.    Plaintiffs have been victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by *inter alia*, willfully denying them their earned tips and not paying them the wages they were owed for the hours they had worked.

111.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum and overtime wage rate.

112.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes depriving delivery boys of a portion of the tips earned during the course of employment;

113.    Defendants unlawfully misappropriated charges purported to be gratuity, received by Plaintiffs and other delivery boys in violation of New York Labor Law § 196-d (2007).

114.    Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

115.    At no time did Defendants inform Plaintiffs that they had reduced their hourly wage by a tip allowance.

- 15 -

116.    Defendants regularly required Plaintiffs to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

117.    In violation of federal and state law as codified above, Defendants classified Plaintiffs as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

118.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

119.    Defendants failed to post required wage and hour posters in the restaurant/shop, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' lack of sophistication in wage and hour laws.

120.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

121.    Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

122.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after

the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

123.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

124.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

125.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

127.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

128.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

129.    Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

130.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

131.    Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

134.    Defendants' failure to pay Plaintiffs and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

135.    Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

136.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

138.    Defendants, in violation of the NYLL, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

139.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

140.    Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (UNLAWFUL DEDUCTIONS IN VIOLATION OF THE NEW YORK LABOR LAW)

141.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

142.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

143.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

144.    Defendants unlawfully misappropriated a portion of Plaintiffs' tips for larger orders.

145.    Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

146.    Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW)

147.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

148.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay

- 19 -

for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

149.    Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

150.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

151.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

152.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

153.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

154.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

155.    Plaintiffs have been damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
## (EQUIPMENT PURCHASE & MAINTENANCE UNDER THE FAIR LABOR STANDARDS ACT)

156.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

- 20 -

157.   Defendants willfully and intentionally required Plaintiffs to purchase and maintain bicycles required for Defendants' work such that Plaintiff's compensation was below the minimum wage, in violation of 29 U.S.C. § 201, et seq. and 29 C.F.R. § 531.35.

158.   Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

159.   Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages equal to the amount paid for the purchase and maintenance of bicycles required for Defendants' work, to the extent such payments cut into the minimum or overtime wages required, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

160.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

161.   Defendants willfully and intentionally made unauthorized deductions from Plaintiffs' wages, and/or made Plaintiffs incur expenses in carrying out their duties, by requiring Plaintiffs to purchase and maintain bicycles required for Defendants' work, in violation of N.Y. Labor Law § 193(1) and 198-b, and 12 N.Y.C.R.R. § 137-2.5.

162.   Defendants have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Plaintiffs.

163.   Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unauthorized deductions and an amount equal to the unauthorized deductions in the form of liquidated damages, as well as reasonable

- 21 -

attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper

- 22 -

deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees; and

(q)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York

12-1-11

MICHAEL FAILLACE & ASSOCIATES, P.C.


By:     _____
                Michael Faillace [MF-8436]

        110 East 59th Street, 32nd Floor
        New York, New York 10018
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiffs*